UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

GERARD VICTORIAN     CIVIL ACTION NO.

VERSUS     NO. 24-558-BAJ-SDJ

KITTLE PROPERTY GROUP, INC.

## ORDER

Before the Court is a Rule 12(f) Motion to Strike (R. Doc. 5) filed by Defendant Kittle Property Group, Inc. In its Motion, Defendant requests the Court strike certain allegations from Plaintiff's Petition for Damages. Defendant's Motion is opposed (R. Doc. 7). For the reasons discussed below, Defendant's Motion is **denied**.

## I. BACKGROUND

On or about June 13, 2024, Plaintiff filed his Petition for Damages in the Nineteenth Judicial District Court for the Parish of East Baton Rouge, State of Louisiana.[1] In his Petition, Plaintiff alleges that on May 17, 2024, he was shot four times while standing in the parking lot of the Canterbury House Apartments in Baton Rouge, Louisiana.[2] Plaintiff further alleges that Defendant owns and operates the Canterbury House Apartments and that Defendant is liable to Plaintiff for his injuries because Defendant failed to provide adequate security to its residents, including by failing to maintain the security gate.[3]

On July 11, 2024, Defendant removed this case to federal court based on diversity jurisdiction under 28 U.S.C. § 1332. Shortly thereafter, on August 13, 2024, Defendant filed the instant Rule 12(f) Motion to Strike seeking to strike certain allegations made by Plaintiff is his

---

[1] R. Doc. 1-1 at 2.
[2] *Id.* at 8-9 ¶¶ 57, 62-65.
[3] *Id.* at 3 ¶ 7; 8 ¶¶ 54, 56.

Petition, arguing they are "wholly immaterial" or "blatantly inflammatory."[4]  Plaintiff opposes this Motion, filing his Opposition on September 10, 2024.[5]

## II.   LAW AND ANALYSIS

### A.   Legal Standard

Federal Rule of Civil Procedure 12(f) authorizes district courts to "strike from a pleading ... any redundant, immaterial, impertinent, or scandalous matter."  Fed. R. Civ. P. 12(f).  "Such a motion serves to clean up the pleadings, streamline the case and avoid unnecessary inquiries into immaterial matters."  *Corley v. Louisiana ex rel Div. of Admin. Off. of Risk Mgmt.*, No. 06-882, 2010 WL 3259376, at *2 (M.D. La. Aug. 16, 2010).  A motion to strike, however, is a "drastic remedy" that is "disfavored" by courts and generally requires a showing of prejudice to the moving party.  *Becnel v. Mercedes-Benz USA, LLC*, No. 14-0003, 2014 WL 4450431, at *2 (E.D. La. Sep. 10, 2014).  Stated another way, "[a]lthough motions to strike are disfavored and infrequently granted, striking certain allegations can be appropriate when they have no possible relation to the controversy and may cause prejudice to one of the parties."  *Spoon v. Bayou Bridge Pipeline, LLC*, 335 F.R.D. 468, 470 (M.D. La. 2020) (quoting *Am. S. Ins. Co. v. Buckley*, 748 F. Supp. 2d 610, 626-27 (E.D. Tex. 2010)).  "Any doubt about whether the challenged material is redundant, immaterial, impertinent, or scandalous should be resolved in favor of the non-moving party."  *Mills v. Connelly*, No. 22-193, 2024 WL 1308058, at *2 (M.D. La. Mar. 26, 2024) (quoting *Snearl v. City of Port Allen*, No. 21-455, 2022 WL 2129088, at *15 (M.D. La. Jun. 14, 2022)).

---

[4] R. Doc. 5 at 1.

[5] The Court notes that Plaintiff's Opposition to Defendant's Motion is untimely.  Local Civil Rule 7(f) provides that "[e]ach respondent opposing a motion shall file a response ... within twenty-one days after service of the motion."  Because Defendant's Motion was filed on August 13, 2024, any response thereto was due on September 3, 2024.  Plaintiff, however, did not file his Opposition until September 10, 2024.  "The Court has broad discretion as to whether to consider untimely oppositions to motions."  *Mendy v. Pendleton*, No. 24-2765, 2025 WL 471804, at *3 (E.D. La. Feb. 12, 2025) (citing *Nelson v. Star. Enter.*, No. 99-30976, 2000 WL 960513, at *1 (5th Cir. Jun. 15, 2000)).  Given Defendant's failure to challenge Plaintiff's Opposition based on its untimely filing and the drastic nature of a motion to strike, the Court has considered Plaintiff's Opposition in its ruling.

"Typically, it is clear on the face of the pleadings whether the challenged matter should be stricken under Rule 12(f)." *Spoon*, 335 F.R.D. at 470. "'Redundant' matter consists of allegations that constitute 'a needless repetition of other averments in the pleadings.'" *Id.* (quoting 5C Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure*, § 1382 (3d ed. 2004)). "'Immaterial' matter is that which 'has no essential or important relationship to the claim for relief or the defenses being pleaded,' such as superfluous historical allegations, 'or a statement of unnecessary particulars in connection with and descriptive of that which is material.'" *Id.* at 470-71 (quoting Wright & Miller, *Fed. Prac. & Proc.*, § 1382). "'Impertinent' matter overlaps with 'immaterial' matter and 'consists of statements that do not pertain, and are not necessary, to the issues in question.'" *Id.* at 471 (quoting Wright & Miller, *Fed. Prac. & Proc.*, § 1382). Finally, "'scandalous' matter improperly casts a derogatory light on someone, most typically on a party to the action, but 'it is not enough that the matter offends the sensibilities of the objecting party' or the person who is the subject of the statements in the pleading, 'if the challenged allegations describe acts or events that are relevant to the action.'" *Id.* (quoting Wright & Miller, *Fed. Prac. & Proc.*, § 1382).

**B.     Parties' Arguments**

Here, Defendant seeks an order from the Court striking the allegations in Paragraphs 12, 28-31, 35-49,[6] and 54-56 of Plaintiff's Petition. As argued by Defendant, these paragraphs "(1) reference separate, unrelated incidents, claims, and litigation occurring on or having been filed in connection with other KPG properties in other cities and states; (2) discuss web pages containing hearsay and having no connection to the subject incident; and (3) contain redundant *ad hominem*

---

[6] The Court notes that Defendant does not ask that Paragraph 49 be struck in its Motion to Strike. However, Defendant does mention it in its Memorandum in Support of the Motion to Strike. Because it is raised in the memo, the Court will consider the request here.

attacks and mere argument serving only to derogate KPG."[7] Per Defendant, Plaintiff's Petition asks this Court to "hold KGP indirectly liable for alleged nationwide conduct far exceeding the scope of the issues presented in the instant suit."[8] Defendant also asserts that it is prejudiced by the language, which it characterizes as inflammatory and derogatory.[9]

In response, Plaintiff argues that many of the subject allegations "go directly to the defendant's knowledge of prior crimes and complaints" and that Defendant "does not show why the Petition is prejudicial."[10] Plaintiff also argues that Defendant's knowledge is "paramount" in establishing what duty was owed under the circumstances in this negligent security case.[11]

    **C.    Analysis**

        **1.    The Allegations in Paragraphs 28-30, 38-40, and 42-44**

The allegations made in Paragraphs 28-30, 38-40, and 42-44 all reference other lawsuit previously filed against Defendant.

            **a.    Paragraphs 28-30**

Paragraphs 28-30 reference a lawsuit brought against Defendant by the surviving children of two other residents of the Canterbury House Apartments, who allegedly were killed inside their apartment approximately one year prior to the incident involving Plaintiff.[12] As set forth in these Paragraphs:

> 28.    On September 8, 2023, the surviving children and siblings of Tonya Brown and Stacy Brown filed a Petition for damages against Kittle Property Group in the 19th Judicial District Court for East Baton Rouge Parish.

---

[7] R. Doc. 5-1 at 2.
[8] *Id.*
[9] *See* R. Doc. 5-1 at 7, 12.
[10] R. Doc. 7 at 1.
[11] *Id.* at 2.
[12] *See* R. Doc. 1-1 at 4 ¶¶ 26-27.

> 29. After being served with the lawsuit, Kittle Property Group removed the action to the Middle District of Louisiana. (See MDLA Case 3:23-cv-01501-BAJ-EWD – Document 1-4).
>
> 30. In their lawsuit, the Brown family alleges Kittle Property Group failed to take reasonable actions to protect residents from foreseeable criminal activity due, in part, to Kittle Property Group's failure to maintain its security gate in working order.[13]

Per Defendant, this lawsuit is still pending in this Court, and no findings of fact or liability determinations have yet been made in it.[14] Defendant argues these allegations are immaterial because they "merely recite the filing of a lawsuit and unadjudicated allegations having no essential relationship to the instant suit and prejudice KPG because they allow Plaintiff to baselessly suggest KPG's maintenance of the Property caused the death of two of its former residents."[15]

In *Ward Through Jackson v. Our Lady of the Lake Hospital, Inc.*, cited by Defendant, this Court struck an allegation in a Complaint that referenced other suits filed against the defendant therein. No. 18-454, 2018 WL 7016296 (M.D. La. Aug. 16, 2018), *report and recommendation adopted*, 2019 WL 165714 (M.D. La. Jan. 10, 2019). In reaching its decision, this Court found significant that all of the additionally-referenced suits were filed after the underlying actions forming the basis of the Complaint had occurred. *Id.* at *2. Additionally, it noted that "[t]here is nothing to indicate how the filing of those lawsuits put Defendant on notice regarding incidents occurring earlier." *Id.* As such, it found the information immaterial. *Id.* It also found important the fact that the referenced lawsuits had not been resolved and had not resulted in any finding of liability by the defendant. *Id.*

---

[13] R. Doc. 1-1 at 5 ¶¶ 28-30.
[14] R. Doc. 5-1 at 8.
[15] *Id.*

Here, unlike in *Ward*, the suit referenced was filed before the shooting which forms the basis for the instant case. In addition, in this other litigation, as alleged by Plaintiff, the Brown family asserted that Defendant failed to take reasonable safety precautions, including, specifically, "failure to maintain its security gate in working order." Based on this and other similarities, the Court finds that this allegation may pertain to knowledge and/or notice by Defendant and therefore is not immaterial. Because the Court cannot say that these allegations have no possible relation to this controversy, it declines to strike them at this point in the litigation.

### b. Paragraphs 38-40

Similarly, Paragraphs 38-40 reference allegations made in a separate lawsuit filed against Defendant. The Paragraphs state:

> 38. At the same time Tonya Brown and Stacy Brown were murdered on its premises, Kittle Property Group was actively defending another wrongful death lawsuit in Louisiana for failing to protect another of its residents from foreseeable criminal activity. (See EDLA Case 2:22-cv-01662-NJB-DPC – Document 1).
>
> 39. Tinatenise Anderson sued Kittle Property Group for the July 30, 2021 shooting death of her son, Tyran Anderson, in the parking lot of one of Kittle Property Group's Slidell properties, Lofts at Canterbury.
>
> 40. One of the allegations of inadequate security in the Anderson complaint is that Kittle Property Group failed to make its gate operational at Lofts of Canterbury.[16]

In its Motion, Defendant again argues these allegations are immaterial and prejudicial. Per Defendant, the other lawsuit referenced in these Paragraphs "has been dismissed, and the court did not issue any judgment adjudicating the merits of the suit or otherwise make any findings of fact or law, including with respect to the security gate."[17]

---

[16] R. Doc. 1-1 at 5-6 ¶¶ 38-40.
[17] R. Doc. 5-1 at 5.

However, as discussed in the previous section, this other lawsuit was filed prior to the events underlying the instant case, and the Paragraphs in question make allegations of inadequate security, including failure to make the security gate operational. These allegations, therefore, also potentially pertain to knowledge and/or notice by Defendant and are not immaterial. Because the Court again cannot say that these allegations have no possible relation to this controversy, it finds the "drastic remedy" of striking said allegations unwarranted here.

### c. Paragraphs 42-44

Paragraphs 42-44 also reference other litigation filed against Defendant. The allegations in these Paragraphs are as follows:

> 42. Brendanetta Francis sued Kittle Property Group in Harris County, Texas for the February 3, 2022 shooting death of her eleven-year-old son, Darius Dugas, Jr. (See Docket #2022-08809 in District Court for Harris County, Texas).
>
> 43. Brendanetta Francis's lawsuit alleges Kittle Property Group failed to repair a broken entry gate at its apartment complex which contributed to the foreseeable armed robbery attempt which killed Darius Dugas, Jr.
>
> 44. On August 31, 2023, The Indiana Tenant Association filed over 70 complaints with the Attorney General's office about three properties owned by Kittle Property Group for unsafe and uninhabitable living conditions.[18]

Finding the same analysis as in the prior two sections also applies here, the Court cannot find these allegations immaterial, as the events described therein all occurred prior to the events at issue in the instant litigation and allege knowledge and/or notice by Defendant of inadequate security measures, particularly non-working security gates. As such, the Court will not strike these allegations from Plaintiff's Complaint.

---

[18] R. Doc. 1-1 at 6 ¶¶ 42-44 (website address omitted).

## 2. The Allegations in Paragraphs 45-48

The allegations in Paragraphs 45-48, per Defendant, contain "several allegations referring to online ratings and reviews of KPG's properties," which Defendant seeks to strike. Those Paragraphs are as follows:

> 45. According to the Better Business Bureau, Kittle Property Group has a "D-" rating for failing to respond to 50 complaints filed against the business.
>
> 46. As of June 13, 2024, Kittle Property Group has 165 Google reviews with an average rating of 1.6/5.0 and Canterbury House Apartments – Baton Rouge has 56 Google reviews with an average rating of 2.3/5.0.
>
> 47. Several of the complaints on Google and with the Better Business Bureau mention inadequate security and frequent violent crime at Kittle Property Group managed apartments.
>
> 48. In March of 2024, LaShanta Miles left a Google review of Canterbury House Apartments – Baton Rouge. LaShanta Miles claims to be a resident of Canterbury House Apartments – Baton Rouge who wishes she could give a Zero star rating. Among her complaints, LaShanta Miles states, "When it was close to our lease ending, people were shooting. There was also roach issues. The trash is always everywhere. The pool was hardly open and the gym was never open. Everyday someone was moving out. They stated that the gate would be fixed and they never fixed it of course."[19]

As argued by Defendant, "[a]lthough a Rule 12(f) motion generally does not provide the appropriate mechanism to challenge the admissibility of evidence, courts may nevertheless strike evidentiary allegations from a pleading if the allegations are lengthy, inadmissible, or prejudicial because 'pleading evidence is not favored … [and] violates the principle of simplicity of statement.'"[20] Defendant continues, claiming "these Paragraphs each contain inadmissible hearsay within hearsay and may or may not have been posted by human beings" and prejudice Defendant "because they constitute yet another ham-fisted attempt to suggest KPG should be held

---

[19] R. Doc. 1-1 at 6-7 ¶¶ 45-48. The website addresses provided in Paragraphs 45 and 48 have been omitted.
[20] R. Doc. 5-1 at 9 (quoting 5C Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1383 (3d ed. 2024)).

indirectly liable for unrelated alleged conduct involving separate parties or separate properties."[21] Per Defendant, "Rule 12(f) permits courts to strike inadmissible hearsay from pleadings."[22]

"[I]n determining whether to grant or deny a motion to strike, standards governing the admissibility of evidence do not control." *Morales v. Gomez*, No. 14-189, 2014 WL 12889928, at *2 (W.D. Tex. Jul. 14, 2014). "[H]earsay is a rule of evidence, not applicable to a pleading," and "whether Plaintiff[] can prove the allegations with admissible evidence at trial or summary judgment is another matter which need not be resolved at this stage of the proceeding." *Id.* (citation omitted). In addition, the Court cannot find that Defendant is prejudiced by these allegations, as Plaintiff will have to prove his claims with admissible evidence. Defendant's request to strike these allegations also is denied.

### 3. The Allegations in Paragraphs 12, 31, 35-37, 41, 49, and 54-56

Finally, Defendant requests that the Court strike Paragraphs 12, 31, 35-37, 41, 49, and 54-56 as redundant "because they needlessly repeat argumentative legal conclusions contained elsewhere in the Petition."[23] These Paragraphs provide as follows:

> 12. Kittle Property Group and its agents knew of the frequent violent crime on its premises at The Canterbury House Apartments – Baton Rouge.
>
> 31. Armed with direct knowledge of the link between its own inadequate security and the high probability of death and serious injuries to its residents, Kittle Property Group failed to take reasonable steps to protect its residents.
>
> 35. An apartment complex in a high-crime area, and with a documented history of violent attacks on its residents while on its premises, has a heightened duty to provide security due to the foreseeability of more violent crime.
>
> 36. Under these circumstances, Kittle Property Group has a duty to provide security to its residents in the form of on-site security guards and patrols, installing

---

[21] *Id.* at 10.
[22] *Id.* at 9.
[23] R. Doc. 5-1 at 10.

>    operational gates, and using surveillance cameras in addition to using other security measures.
>
>    37.    Kittle Property Group's failure to provide adequate security shows a conscious disregard for the rights and safety of its residents.
>
>    41.    Inadequate security and negligent property management is the standard at Kittle Property Group.
>
>    49.    Despite its actual and constructive knowledge of the foreseeable risks of death and injury to its residents, Kittle Property Group refused to act reasonably.
>
>    54.    By May 17, 2024, Kittle Property Group knew its security measures were inadequate to protect its residents from foreseeable criminal activity on its premises at Canterbury House Apartments – Baton Rouge.
>
>    55.    On May 17, 2024, Kittle property Group was comfortable with exposing its residents to the foreseeable hazard of violent crime.
>
>    56.    Kittle Property Group refused to bear the reasonable costs of protecting its residents by making its gate operational.
>
>    As argued by Defendant in its Motion to Strike:
>
>    However, Paragraph 3 of the Petition alleges KPG "failed to take reasonable steps to protect its residents from foreseeable activity on the premises." Additionally, Paragraph 8 of the Petition alleges KPG "knew its residents were at risk for injury and death due to foreseeable violent crime" on the Property. Moreover, Paragraph 34 of the Petition alleges "[a]n apartment complex has a responsibility to provide tenants, guests, staff, and visitors with a reasonable level of care and protection from reasonably anticipated and predictable threats." Finally, Paragraph 75 provides an itemized list of supposed bases for KPG's liability and reiterates several of the allegations discussed above.[24]

Defendant then contends that, in light of these allegations, the subject Paragraphs "essentially constitute more boisterous and argumentative iterations of other allegations in the Petition."[25] The Court disagrees.

As stated above, "'[r]edundant' matter consists of allegations that constitute 'a needless repetition of averments in the pleadings.'" *Spoon*, 335 F.R.D. at 470. The Court, however, does

---

[24] R. Doc. 5-1 at 11-12.
[25] *Id.* at 12.

not find these Paragraphs redundant. As they make allegations different and distinct from those made in Paragraphs 8, 34, and 75, they are not needless repetitions. And while some allegations are similar, the use of the term "repetition" in the standard implies more than just passing similarity. As such, the Court finds the allegations in Paragraphs 12, 31, 35-37, 41, 49, and 54-56 do not warrant invocation of the "disfavored," "drastic remedy" of being struck from Plaintiff's pleading.

### III.  CONCLUSION

For the reasons set forth above, **IT IS ORDERED** that the Rule 12(f) Motion to Strike (R. Doc. 5) filed by Defendant Kittle Property Group, Inc., is **DENIED**.

Signed in Baton Rouge, Louisiana, on March 14, 2025.

_____
**SCOTT D. JOHNSON**
**UNITED STATES MAGISTRATE JUDGE**